# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

DAVID WEBER, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

WHIRLPOOL CORP.,

    Defendant.

Case No. 19-cv-406

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff David Weber, individually and on behalf of all others similarly situated, files this Class Action Complaint against Whirlpool Corp. ("Defendant" or "Whirlpool"), and alleges as follows based on his personal knowledge, the investigation of his counsel, and information and belief.

## I. INTRODUCTION

1. This complaint is a class action lawsuit regarding Defendant's false and misleading advertising and inherent defects of its Kitchenaid-brand double wall ovens containing a blue porcelain interior ("double wall ovens"). Defendant advertises the double wall oven as a premium product.

2. Through regular use, or use of the self-cleaning function, the blue porcelain interior will bubble up, separate from the metal exterior, and begin to flake off.

3. Plaintiff seeks relief in this action individually, and as a class action on behalf of similarly situated purchasers of the Ovens for violation of the Magnuson-Moss Warranty Act; breach of express warranty; breach of the implied warranty of merchantability; unjust enrichment; negligent misrepresentation; fraudulent concealment; intentional misrepresentation; and fraud.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because Plaintiff resides in Wisconsin, and Defendant maintains its headquarters in Michigan. This Court also has original jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"), as to the named Plaintiff and every Class Member, because the proposed Class contains more than 100 members, the aggregate amount in controversy exceeds $5 million, and Class Members reside across the United States and are therefore diverse from Defendant.

5. This Court has personal jurisdiction over Defendant because Defendant

has significant minimum contact with this State, and intentionally availed itself of the laws of Wisconsin by transacting a substantial amount of business throughout the State and this District.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because Whirlpool maintains its registered agent for service of process within this district.

### III. PARTIES

7. Plaintiff David Weber is an individual residing within the State of Wisconsin.

8. Defendant Whirlpool is a Delaware corporation with its principal place of business located at 2000 N. M-63, Benton Harbor, MI 49022. Whirlpool designs, manufactures, markets, distributes, services, repairs, and sells household appliances, including the Ovens, nationwide. Whirlpool is the warrantor and distributor of the Ovens in the United States. At all relevant times, Whirlpool was and is engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling household appliance components throughout the United States.

### IV. CLASS ACTION ALLEGATIONS

9. Plaintiff brings this suit on behalf of himself and, pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the United States who, within the last six years, purchased a Double Wall oven with a blue porcelain interior manufactured by Whirlpool.

10. Excluded from the Class are the Defendant, the officers, directors or employees of the Defendant, the attorneys in this case and any judge assigned to this matter, including the Court's staff.

11. **Numerosity**. The proposed Class is sufficiently numerous and its members are dispersed throughout the United States, making joinder of all members

3

impracticable.  Whirlpool has manufactured at least hundreds of these ovens during the class period.

   12.   **Commonality**. Common questions of fact and law exist for each cause of action and predominate over questions affecting only individual class members.

   13.   **Typicality**.  Plaintiff's claims are typical of the claims of members of the proposed Class because, among other things, Plaintiff and Class members sustained similar injuries as a result of Defendant's uniform wrongful conduct and their legal claims all arise from the same conduct.

   14.   **Adequacy**.  Plaintiff will fairly and adequately protect the interests of the proposed Class.  Plaintiff's interests do not conflict with Class members' interests and Plaintiff has retained counsel experienced in complex class action and consumer protection litigation to prosecute this case on behalf of the Class.

   15.   **Rule 23(b)(3)**.  In addition to satisfying the prerequisites of Rule 23(a), Plaintiff satisfies the requirements for maintaining a class action under Rule 23(b)(3). Common questions of law and fact predominate over any questions affecting only individual class members and a class action is superior to individual litigation. The amount of damages available to individual plaintiffs is insufficient to make litigation addressing Defendant's conduct economically feasible in the absence of the class action procedure. Individualized litigation also presents a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court.

   16.   **Rule 23(b)(2)**.  Plaintiff also satisfies the requirements for maintaining

4

aclassaction under Rule 23(b)(2). Defendant has acted or refused to act on grounds that apply generallyto the proposed Class, making final declaratory or injunctive relief appropriate with respect tothe proposed Class as a whole.

## V.    CAUSES OF ACTION

### COUNT I
### Violation of the Magnuson-Moss Warranty Act,
### 15 U.S.C. §§ 2301-2312

17.    Plaintiff repeats andreallegesthe allegations of the preceding paragraphs as iffully set forth herein.

18.    Whirlpool's Double ovens are "consumer products" as thatterm isdefined by 15 U.S.C. § 2301(1).

19.    Plaintiff and Class members are "consumers" as that termis defined by 15 U.S.C. § 2301(3), and utilized the double wall ovensfor personaland household use and not forresale or commercial purposes.

20.    Whirlpool is a "warrantor" and "supplier" as those terms are defined by 15 U.S.C. § 2301(4) and (5).

21.    Whirlpool provided Plaintiff and Class members with "written warranties" as thattermis defined by 15 U.S.C. § 2301(6).

22.    In its capacity as a warrantor, and by the conduct described herein, any attempt byWhirlpool to limit the express warranties in a manner that would exclude coverage of thedefective double wall ovensis unconscionable and any such effort todisclaimor otherwise limitliability for the defectivedouble wall ovensis null and void.

23.    Through the conduct described herein, Whirlpool has failed to comply with itsobligations under its written andimpliedpromises, warranties, and representations, despitehaving been afforded a reasonable opportunity to cure such failure to comply.

24. As a result of Whirlpool's breach of express warranties, Plaintiff and Classmembers are entitled to revoke their acceptance of the double wall Ovens, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## COUNT II
## Breach of Express Warranty

25. Plaintiff repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

26. Plaintiff seeks to recover for Whirlpool's breach of express warranty under the laws of the State of Michigan.

27. Samsung warranted all of its double wall ovens against defects in material or workmanship at a time when it knew that these devices suffered from a material defect and, nevertheless, continued to market and sell these devices with this express warranty.

28. Whirlpool is obligated under the terms of its express warranty to repair and/or replace the defective devices sold to Plaintiff and the Class.

29. Whirlpool has breached its express warranty by supplying the double wall ovens in a condition which does not meet the warranty obligations undertaken by Whirlpool and by failing to repair or replace the defect and/or defective parts inherent in the devices.

30. Whirlpool has received sufficient and timely notice of the breaches of warranty alleged herein. Despite this notice and Whirlpool's knowledge, Whirlpool refuses to honor its warranty, even though it knows of the inherent defect in the Double Wall ovens.

31. In addition, on information and belief, Whirlpool has received many

complaints and other notices from consumers advising them of the defective double wall ovens.

32. Plaintiff gave Whirlpool a reasonable opportunity to cure its failures with respect to its warranties, and Whirlpool refused to do so.

33. Whirlpool has failed to provide to Plaintiff or the Class members, as a warranty replacement, a product that conforms to the qualities and characteristics that Whirlpool expressly warranted when it sold its double wall ovens to Plaintiff and members of the Class.

34. As a result of Whirlpool's breach of warranty, Plaintiff and the Classes have suffered damages in an amount to be determined at trial.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class, respectfully requests that the Court enter judgment in his favor and against Whirlpool, as follows:

A. Certification of the proposed Class, including appointment of Plaintiff's counsel as Class Counsel;

B. An order temporarily and permanently enjoining Whirlpool from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint;

C. Injunctive relief, including public injunctive relief, as the court deems appropriate;

D. Costs, restitution, damages, and disgorgement in an amount to be determined at trial;

E. Revocation of acceptance;

F. Declaratory relief as the court deems appropriate;

G. Treble and/or punitive damages as permitted by applicable laws;

    H.      An order requiring Whirlpool to pay both pre- and post-judgmentintereston any amounts awarded;

    I.      An award of costs and attorneys' fees; and

    J.      Such other or further relief as may be appropriate.

## VI. JURYTRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 17, 2019

**ADEMI & O'REILLY, LLP**

By:   /s/ Robert K. O'Reilly
Robert O'Reilly (SBN 1027032)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
Phone No.: 414-482-8000
Fax No.: 414-482-8001
roreilly@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com